UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUDY HOBART, | ) | CASE NO. ED CV 12-00353 RZ |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

Under *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), a final administrative determination of non-disability creates a presumption of continuing non-disability, and a presumption that the claimant continues to have the same residual functional capacity. This presumption can be rebutted by changed circumstances. In his decision of June 2, 2008, the Administrative Law Judge found that Plaintiff had the residual functional capacity to do work at any exertional level, with the non-exertional limitation that she was limited to unskilled, entry level work. [AR 43] The Administrative Law Judge further found that Plaintiff was capable of performing past relevant work as a care provider, fast food worker, or a housekeeper. [AR 46] This decision established the *Chavez* presumptions.

Six months later, Plaintiff filed the present claim, again seeking disability benefits or Supplemental Security Income. The Administrative Law Judge found the same residual functional capacity [AR 12] and the same capacity to perform Plaintiff's past

relevant work. [AR 15] The central question for review is whether Plaintiff has rebutted the presumptions that she continues not to be disabled.

Plaintiff does not directly argue that there are any changed circumstances justifying a rebuttal of the *Chavez* presumptions. At best she indirectly does so, by challenging the Administrative Law Judge's determination of the residual functional capacity, arguing that it does not take into account the limitations imposed by the treating physician, Terry Roh, who did evaluate Plaintiff one week after the previous decision. [AR 149] But, as the Administrative Law Judge pointed out, while Dr. Roh found that Plaintiff was depressed and had poor concentration, she also found that Plaintiff was having no hallucinations and otherwise presented normally. [AR 14, 149] Further, as the Administrative Law Judge noted, Dr. Roh's assessment called for follow-up visits, and on those follow-up visits Plaintiff "was found to be overall normal" [AR 14]. Further, the Administrative Law Judge indicated that Plaintiff was not always taking her medication. And Plaintiff's residual functional capacity, limiting her to unskilled, entry-level work, also took her mental status into account.

Plaintiff also challenges two aspects of the Administrative Law Judge's finding that she could perform her past relevant work. First, she asserts that the Administrative Law Judge did not explain the demands of the past relevant work, and compare those demands to the residual functional capacity. In this Plaintiff is correct. *Pinto v. Massanari*, 249 F.3d 840 (9th Cir. 2001). However, the error is harmless. The Administrative Law Judge found that Plaintiff could perform work at any exertional level; that obviously includes any past relevant work. As for the non-exertional limitations, Plaintiff concedes that the past relevant work of a fast-food worker involves an Specific Vocation Preparation ("SVP") level of 2. Since past relevant work is work either as actually performed or as performed in the general economy, *Pinto,* 249 F.3d at 845, Plaintiff's past work therefore qualifies.

Second, Plaintiff asserts that the Administrative Law Judge was incorrect when he said that Plaintiff "is able to perform [her past relevant work] as actually

performed. This is consistent with the Dictionary of Occupational Titles." [AR 15] Plaintiff points out that for two of the three jobs Plaintiff performed in the past, that of care provider and housekeeper, the closest descriptions in the Dictionary have SVP's higher than 2. Accepting this, however, does not help Plaintiff, because Plaintiff concedes that the fast food worker job has an SVP of 2, which fits within the residual functional capacity that the Administrative Law Judge found. Again, therefore, if there was error, the error was harmless.

Plaintiff also asserts that the Administrative Law Judge erred by not calling a vocational expert. However, an administrative law judge is not required to call a vocational expert as to the determination of ability to perform past relevant work. *Moore v. Apfel*, 216 F.3d 864, 870-71 (9th Cir. 2000), citing *Lewis v. Barnhart*, 353 F.3d 642, 648 (8th Cir. 2003) and *Miles v. Barnhart*, 374 F.3d 694, 700 (8th Cir. 2004).

Finally, Plaintiff asserts that the Administrative Law Judge wrongly discredited her testimony and made incomplete credibility findings. But all that Plaintiff does in this argument is to cite the law and quote some of the Administrative Law Judge's decision. There is no explanation of where the Administrative Law Judge supposedly got it wrong, and no assessment of how things would be different if he had gotten it right. In fact, the Administrative Law Judge did what the law requires. He was entitled to use ordinary techniques of questioning a witness's credibility, *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989), and he did so, indicating that current complaints of medication side effects did not match contemporary records, that medication was effective but sometimes not used, and that Plaintiff missed medical appointments . These were sufficient bases to cast doubt on some of Plaintiff's assertions, such as that she could not concentrate longer than two seconds.

The Administrative Law Judge concluded that he did not see "any credible evidence of any substantial change in the claimant's condition from the time of the last hearing to this current decision." [AR 15] The Court agrees. Plaintiff has shown no

reason that the presumption of continuing disability does not apply, and has shown no errors justifying reversal of the decision.

The Commissioner's decision is affirmed.

DATED: November 2, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE